FILED
OCT 24 2008
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MEDIA QUEUE, LLC,
An Oklahoma Limited Liability Company

    Plaintiff,

v.

NETFLIX, INC.,
BLOCKBUSTER, INC.,
GAMEFLY, INC.,
GREENCINE, LLC, AND
GREENCINE HOLDINGS, LLC

    Defendants.

Civil Action No. CIV 08-402-KEW

## COMPLAINT AND DEMAND FOR JURY TRIAL

For its Complaint against NetFlix, Inc. ("NetFlix"), Blockbuster, Inc. ("Blockbuster"), GameFly, Inc. ("GameFly"), Greencine, LLC ("Greencine") and Greencine Holdings, LLC ("Greencine Holdings") (collectively the "Defendants"), Plaintiff Media Queue, LLC ("Media Queue") alleges as follows.

### PARTIES

1. Media Queue is an Oklahoma Limited Liability Company with its principal place of business at 2431 East 61st Street, Suite 320, Tulsa, Oklahoma 74136.

2. On information and belief, Defendant NetFlix is a Delaware corporation with its principal place of business at 100 Winchester Circle, Los Gatos, California 95032. Defendant NetFlix is registered to do business in Oklahoma and has appointed National Registered Agents, Inc. of Oklahoma, 115 SW 89th Street, Oklahoma City, Oklahoma 73139 as its service agent.

3. On information and belief, Defendant Blockbuster is a Delaware corporation with its principal place of business at 1201 Elm Street, Dallas, Texas 75270. Defendant Blockbuster

consent given

dockets.Justia.com

is registered to do business in Oklahoma and has appointed Corporation Service Company, 115 SW 89th Street, Oklahoma City, Oklahoma 73139 as its service agent.

4. On information and belief, Defendant GameFly is a Delaware corporation with its principal place of business at 5870 West Jefferson Boulevard, Suite J, Los Angeles, California 90016. Defendant GameFly has appointed LexisNexis Document Solutions, Inc. 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 and National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, California 92606 as its service agents.

5. On information and belief, Defendant Greencine is a Delaware limited liability company with its principal place of business at 537 Stevenson Street, Suite 200, San Francisco, California 94103. Defendant Greencine has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904 and Philip R. Green, 1000 Fourth Street, San Rafael, California 94901 as its service agents.

6. On information and belief, Defendant Greencine Holdings is the parent entity to Defendant Greencine. Defendant Greencine Holdings is a Delaware limited liability company with its principal place of business at14141 Covello Street, Suite 1C,Van Nuys, California 91405. Defendant Greencine Holdings has appointed Paracorp Incorporated., 40 East Division Street, Suite A, Dover, Delaware 19901 and Anh Tran, 14141 Covello Street, Suite 1C,Van Nuys, California 91405 as its service agents.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Blockbuster has regular and established places of business in this district, NetFlix has a regular and established place of business in Oklahoma and each Defendant has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

9. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Oklahoma Long Arm Statute (12 O.S. § 2004 *et seq.*), due at least to their substantial business in this district, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Oklahoma and in this Judicial District.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 7,389,243

10. Media Queue is the owner by assignment of United States Patent No. 7,389,243 ("the '243 patent") entitled "Notification System and Method for Media Queue," a true copy of which is attached as Exhibit A. The '243 patent was issued on June 17, 2008.

11. Defendant NetFlix has been and now is directly, jointly, and/ or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '243 patent in Oklahoma, in this judicial district, and elsewhere in the United States by, among other things, offering for sale a service through its www.netflix.com website that practices and/or induces others to practice methods that are covered by one or more claims of the '243 patent to the injury of Media Queue. An exemplar of a communication used by NetFlix and/or its agents that demonstrates practice and/or inducement of others to practice methods that are covered by

3

one or more claims of the '243 patent can be found in Exhibit B. Defendant NetFlix is thus liable for infringement of the '243 patent pursuant to 35 U.S.C. § 271.

12. Defendant Blockbuster has been and now is directly, jointly, and/ or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '243 patent in Oklahoma, in this judicial district, and elsewhere in the United States by, among other things, offering for sale a service through its www.blockbuster.com website that practices and/or induces others to practice methods that are covered by one or more claims of the '243 patent to the injury of Media Queue. An exemplar of a communication used by Blockbuster and/or its agents that demonstrates practice and/or inducement of others to practice methods that are covered by one or more claims of the '243 patent can be found in Exhibit C. Defendant Blockbuster is thus liable for infringement of the '243 patent pursuant to 35 U.S.C. § 271.

13. Defendant GameFly has been and now is directly, jointly, and/ or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '243 patent in Oklahoma, in this judicial district, and elsewhere in the United States by, among other things, offering for sale a service through its www.gamefly.com website that practices and/or induces others to practice methods that are covered by one or more claims of the '243 patent to the injury of Media Queue. An exemplar of a communication used by GameFly and/or its agents that demonstrates practice and/or inducement of others to practice methods that are covered by one or more claims of the '243 patent can be found in Exhibit D. Defendant GameFly is thus liable for infringement of the '243 patent pursuant to 35 U.S.C. § 271.

14. Defendants Greencine and Greencine Holdings have been and now are directly, jointly, and/ or indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '243 patent in Oklahoma, in this judicial district, and elsewhere in the United States by, among other things, offering for sale a service through their www.greencine.com website that practices and/or induces others to practice methods that are covered by one or more claims of the '243 patent to the injury of Media Queue. An exemplar of a communication used by Greencine and Greencine Holdings and/or its agents that demonstrates practice and/or inducement of others to practice methods that are covered by one or more claims of the '243 patent can be found in Exhibit E. Defendants Greencine and Greencine Holdings are thus liable for infringement of the '243 patent pursuant to 35 U.S.C. § 271.

15. Defendants have actively induced and are actively inducing infringement of the '243 patent and are liable for contributory infringement of the '243 patent.

16. As a result of the above Defendants' infringement of the '243 patent, Media Queue has suffered monetary damages that are compensable under 35 U.S.C. § 284 in an amount not yet determined, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

17. Unless permanent injunctions are issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '243 patent, Media Queue will be greatly and irreparably harmed.

18. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Media Queue is thus entitled to an award of its reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Media Queue requests that this Court enter:

5

1. A judgment in favor of Media Queue that Defendants have infringed, directly and indirectly, by way of inducing and/or contributing to the infringement of the '243 patent;

2. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants affiliates, employees, divisions, branches subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '243 patent;

3. A judgment and order requiring Defendants to pay Media Queue its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '243 patent as provided under 35 U.S.C. § 284;

4. An award to Media Queue of restitution of the benefits Defendants' have gained through their unfair, deceptive, or illegal acts;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Media Queue its reasonable attorneys' fees; and

6. Any and all other relief for which the Court may deem Media Queue entitled.

## DEMAND FOR JURY TRIAL

Plaintiff Media Queue, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: October 24, 2008

Respectfully submitted,

*[signature]*

Patrick D. O'Connor, OBA #6743
pdo@moyersmartin.com
MOYERS, MARTIN, SANTEE & IMEL, LLP
401 South Boston Avenue, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 582-5281
Facsimile: (918) 585-8318


Michael J. Newton
mike.newton@alston.com
Jason W. Cook
jason.cook@alston.com
ALLSTON + BIRD
Chase Tower, Suite 3601
2200 Ross Avenue
Dallas, Texas 75201
Telephone: 214 922 3400
Facsimile: 214 922 3899

***ATTORNEYS FOR PLAINTIFF
MEDIA QUEUE, LLC***